1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**CENTRAL DISTRICT OF CALIFORNIA**

6

7

SEAN COLVIN, et al.

Case No.  2:21−cv−00801−VAP−AS

Plaintiff,

8

**STANDING ORDER**

9

v.

VALVE CORPORATION, et al.

10

Defendant.

11

12

13

14

15

    **READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

16

    **AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

17

18

    This action has been assigned to the calendar of Judge Virginia A. Phillips.

19

20

    The responsibility for the progress of litigation in the Federal Courts falls not

21

only upon the attorneys in the action, but upon the Court as well. To secure the

22

just, speedy, and inexpensive determination of every action, (Fed. R. Civ. P. 1),

23

all counsel are hereby ordered to become familiar with the Federal Rules of Civil

24

Procedure and the Local Rules of the Central District of California.

25

//

26

//

The Court further orders as follows:

**1.     Service of the Complaint.**    The Plaintiff shall serve the Complaint promptly in accordance with Fed. R. Civ. P. 4 and Local Rule 5-3 and file the proofs of service pursuant to Local Rule 5-4.

**2.     Proposed Orders.**    Each party filing or opposing a motion or seeking the determination of any matter shall serve and file a proposed order which sets forth the relief or action sought.

**3.     Presence of Lead Counsel.    <u>All lead trial counsel must attend, in person, any scheduling and pretrial conferences set by the Court.</u>** Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

**4.     Motions.**    Motions shall be filed and set for hearing in accordance with Local Rule 6-1. Motions will be heard on Mondays commencing at 2:00 p.m. If Monday is a national holiday, this Court does not hear motions on the succeeding Tuesday. Any motion noticed for a holiday shall automatically be set to the next Monday without further notice to the parties. Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good cause shown, will the Court agree to extend these page limitations. When citing to legal databases, counsel should cite to Westlaw rather than Lexis. If Lexis, or some other legal database, is the only database that contains a cited opinion, counsel citing to that opinion must submit a copy of it (or the relevant portions if lengthy) along with the motion or opposition.

1   If documentary evidence in support of or in opposition to a motion exceeds

2   50 pages, the evidence shall be separately bound, tabbed, and include an index. If

3   such evidence exceeds 200 pages, the evidence shall be placed in a Slant D-Ring

4   binder, include an index, and each item of evidence shall be separated by a tab

5   divider on the right side.

6

7   Unless clearly justified under the circumstances of the case, "motions to

8   dismiss or in the alternative for summary adjudication" are discouraged. These

9   composite motions tend to blur the legitimate distinction[s] between the two

10   motions, which have different purposes. Frequently, the composite motions

11   introduce evidence that is extrinsic to the pleadings. On the one hand, such

12   evidence is improper for consideration in a Fed. R. Civ. P. 12(b)(6) motion,

13   while on the other hand, treatment of the motion as a Rule 56 motion frequently

14   results in reasonable invocation of Rule 56(f) by the non-moving party.

15

16   Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good

17   faith belief that such motion will likely result in dismissal, without leave to amend,

18   of all or at least some of the claims under applicable law.

19

20   **Motions for Summary Judgment or Partial Summary Judgment:** No party

21   may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether

22   such motion is denominated as a motion for summary judgment or summary

23   adjudication. Parties offering evidence in support of, or in opposition to, a Rule 56

24   motion must cite to specific page and line numbers in depositions and paragraph

25   //

26   //

numbers in affidavits. Furthermore, such evidence must be authenticated properly. The Court directs the parties to become familiar with *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The moving party's brief shall also be accompanied by a statement of undisputed facts ("SUF").

The SUF shall be presented in a table format and include the following columns:

a.  The first column shall contain the number of the fact alleged to be undisputed. Only facts should be listed, not legal arguments.

b.  The second column shall contain a plain statement of the fact. **Facts shall not be compound.** If, for instance, the required response is that the fact is disputed in part, the fact is compound. Further, neither legal arguments nor conclusions constitute facts.

c.  The third column shall contain a citation to admissible evidence the party believes supports the proffered fact.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
| --- | --- | --- |
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. |
| . . . | . . . | . . . |

The party opposing the summary judgment motion shall include with its opposition a statement of genuine issues that includes the moving party's table; but the opposing party shall add a fourth column to the moving table identifying those facts that are in dispute, briefly explaining the dispute, and citing the evidence supporting the dispute. The opposing party shall not set forth legal objections in the statement of genuine issues.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed. The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| . . . | . . . | . . . | . . . |

If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.

1   If the party opposing the summary judgment motion wishes to include its own
2   set of undisputed facts, it may include them in a second table at the end of its
3   statement of genuine issues. The opposing party's undisputed facts shall be set forth
4   in the same manner as the moving party's SUF.

5

6   For example:

7

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| . . . | . . . | . . . |

14

15   If either party fails to provide a pincite to the supporting evidence, the Court
16   will deem the proffered fact (or dispute) unsupported. *See generally Christian*
17   *Legal Soc. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs,
18   hunting for truffles buried in briefs." (quoting *Greenwood v. FAA*, 28 F.3d
19   971, 977 (9th Cir. 1994) (quoting <u>United States v. Dunkel</u>, 927 F.2d 955, 956
20   (7th Cir. 1991) (per curiam)) (alteration omitted)))).

21

22   Additionally, parties shall file any legal objections to the other party's
23   proffered evidence under separate cover.
24   //
25   //
26   //

**5.      Withdrawal or Non-Opposition of Motions:    In the event that the parties are able to resolve a pending motion, *they must notify the Court approximately one week before the hearing date.*** Sanctions may issue for failure to comply with this requirement, or the broader requirement in Local Rule 7-16 that any party who intends either to withdraw a motion, to not oppose a motion, or to seek a continuance of the hearing date for a motion, **must notify the court by noon on the Tuesday preceding the hearing date.**

**6.      Electronic filing.** As of January 1, 2008, the United States District Court for the Central District of California implemented mandatory electronic filing ("e-filing") of documents in all new and pending civil cases. Information about the Court's Electronic Case Filing system, is available on the Court's website at www.cacd.uscourts.gov/cmecf.

The "e-filing" of all documents required to be "e-filed" in this matter pursuant to General Order No. 10-07 and Local Rule 5-4 shall be completed by ***4:00 p.m. on the date due.*** Any documents "e-filed" after 4:00 p.m. on the date due will be considered **untimely.** Any documents that fail to comply with Local Rule 5-4, and particularly Local Rule 5-4.3.1 may be rejected.

**7.      Mandatory chambers copies.    The Court requires ONE mandatory chambers copy of ONLY the following filed documents:**

       **a.      Motions and related documents;**

       **b.      *Ex parte* applications and related documents;**

Such chambers copies shall be delivered to the "Courtesy Box," located outside of Clerk's Office at the First Street Court House, 350 West 1st Street, 4th Floor,

1   Los Angeles, California 90012, no later than 5:00 p.m. on the day following

2   "e-filing."All chambers copies shall comply fully with the document formatting

3   requirements of Local Rules 5-4, 11-3, and 11-4 including the "pre-punching,"

4   "backing," and "tabbing" requirements of Local Rules 11-3.5, 11-4.1, and 11-5.3,

5   respectively. If the filing party and their counsel fail to deliver a mandatory

6   chambers copy in full compliance with this Order and Local Rule 11-3, the

7   Court may, on its own motion, reschedule any related hearing, as well as

8   imposing sanctions.

9

10   **8.    Discovery.**   All discovery matters have been referred to a United

11   States Magistrate Judge (see initial designation following the case number) to hear

12   all discovery disputes. The words "DISCOVERY MATTER" shall appear in the

13   caption of all documents relating to discovery to insure proper routing. Counsel are

14   directed to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned

15   Magistrate Judge to schedule matters for hearing.

16

17   The decision of the Magistrate Judge shall be final, subject to modification by

18   the District Court only where it has been shown that the Magistrate Judge's order is

19   clearly erroneous or contrary to law.

20

21   Any party may file and serve a motion for review and reconsideration before

22   this court. The party seeking review must do so within ten (10) days of service upon

23   the party of a written ruling or within ten (10) days of an oral ruling that the

24   Magistrate Judge states will not be followed by a written ruling. The motion must

25   specify which portions of the text are clearly erroneous or contrary to law and the

26   claim must be supported by points and authorities. A copy of the moving papers

and responses shall be delivered to the Magistrate Judge's clerk for review upon the filing of the required documents.

**9.     *Ex Parte* Applications.**   *Ex parte* applications are considered on the papers and are not usually set for hearing. Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief -- sanctions may be imposed for misuse of *ex parte* applications. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191 (Bankr. C.D. Cal. 1989). Counsel also should become familiar with *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte* applications.

Counsel's attention is directed to Local Rule 7-19. The moving party shall serve the opposing party by electronic mail or hand delivery and shall notify the opposing party that opposing papers must be filed not later than twenty-four hours following such electronic mail or hand service. The moving party's declaration in support of an *ex parte* application shall show compliance with Local Rule 7-19 and this Order, failing to follow the Local Rules and this Order will result in the application being DENIED. If counsel does not intend to oppose an *ex parte* application, they must so inform the Courtroom Deputy Clerk, (213) 894-3480. As with all motion papers, counsel must deliver a conformed courtesy copy of the papers to the "Courtesy Box," located outside the First Street Court House Clerk's Office at 350 W. 1st Street, 4th Floor, Los Angeles, California 90012. Counsel will be notified by the Courtroom Deputy Clerk of the Court's ruling or of a hearing time and date should the Court determine that a hearing is necessary.

**10.     Class Actions.**   Notwithstanding Local Rule 23-3, the deadline for

the filing of a motion for class certification will be set during the Scheduling

Conference and/or in a Scheduling Order. **NO REQUEST FOR RELIEF FROM**

**LOCAL RULE 23-3 IS NECESSARY.**

 

    **11.**    **Stipulations.**   Stipulations extending scheduling dates set by this

Court are not effective unless approved by the Court. Counsel requesting a

continuance must submit a stipulation, with a detailed declaration of the basis for

the requested continuance or extension of time, and a proposed order. Continuances

will be granted only upon a showing of good cause, focusing on the diligence of the

party seeking the continuance and any prejudice that may result if the continuance

is denied. Any continuances that are requested without an accompanying

declaration will be rejected without notice to the parties. The Court sets **firm** trial

dates and will not change them without a showing of good cause.

 

    **12.**    **Applications to File Under Seal.**   Parties are reminded that court

proceedings are presumptively public, and no document shall be filed under seal

without request for a court order that is narrowly tailored to cover only the

document, the particular portion of the document, or category of documents for

which good cause exists for filing under seal. To that end, all documents to be filed

under seal and all Applications for Leave to File Under Seal must be filed filed

electronically using the Court's CM/ECF System, unless otherwise indicated by

L.R. 79-5 or exempted from electronic filing pursuant to L.R. 5-4.2.

 

    If the sole ground for the sealing order is that the opposing party (or non-party)

has designated the document as confidential, the opposing party (or non-party) shall

file a declaration establishing good cause for the sealing along with a proposed

order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order that the document be filed in the public record.

**Use of Sealed Documents in Motion Papers:** The Court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. *See Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions. Documents designated as confidential in conjunction with case-dispositive motions or briefs that do not satisfy the compelling reasons test may accordingly be re-designated as public information upon proper request. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).

**Use of Sealed or Confidential Documents at Trial:** Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons. *See Manual for Complex Litigation* § 21.432; Foltz, 331 F.3d at 1135-36. Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the

confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall, within two business days of the conclusion of the trial, identify which entries on the docket represent the exhibits actually received. Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

**13.     Removed Actions.**     Any answers filed in state court must be re-filed in this Court (separately) as a supplement to the petition. Any pending motions must be re-noticed in accordance with Local Rule 6-1.

**14.     Communications with Chambers.**     Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other *ex parte* means. Counsel must list their facsimile transmission numbers along with their telephone numbers on their papers.

**15.     Notice of this Order.**     Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, the removing defendant shall serve this Order on all other parties.

//

//

1    **16.     Internet Site.**    Counsel are directed to review the Central

2    District's website for additional information. The address is

3    "http://www.cacd.uscourts.gov".

4

5    **IT IS SO ORDERED.**

6

7    DATED: January 29, 2021

8    _____

     Virginia A. Phillips
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26